```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------
DAVID ZAIRE,

                                    Plaintiff,
                                                              9:05-CV-1247
                                                              (LEK)(RFT)
        v.

GLENN S. GOORD, Commissioner;
LUCIEN J. LECLAIRE, JR., Deputy Commissioner;
RAYMOND BROADDUS, Deputy Commissioner;
ANTHONY J. ANNUCCI, Deputy Commissioner
and Counsel; DONALD SELSKY, Director of Special
Housing; NYS DOCS; J. TEDFORD, D.S.S. for Clinton
Correctional Facility,

                                    Defendants.
-----------------------------------------------------------------------------
```

**APPEARANCES:**                                    **OF COUNSEL:**

DAVID ZAIRE
Plaintiff, *pro se*
83-A-2242
Clinton Correctional Facility
Box 2000
Dannemora, NY 12929

HON. ANDREW CUOMO                                   DOUGLAS J. GOGLIA, ESQ.
Office of Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

LAWRENCE E. KAHN, U.S. DISTRICT JUDGE

## **DECISION AND ORDER**

**I.      Background**.

Plaintiff David Zaire commenced this action by filing a *pro se* civil rights complaint, together with an application to proceed *in forma pauperis*. Dkt. Nos. 1, 2. By Order entered July 26, 2006 ("July Order"), the Court vacated Plaintiff's *in forma pauperis* status and directed him to pay the

filing fee to proceed with this action. Dkt. No. 19. Presently before the Court is a motion for reconsideration of the July Order. Dkt No. 20. Plaintiff has also submitted a notice of appeal to the Second Circuit for the July Order. Dkt. No. 21.

## II.     Authority to Decide the Motion.

The Second Circuit has repeatedly held that the docketing of a notice of appeal "ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule." Ryan v. United States Line Co., 303 F.2d 430, 434 (2d Cir. 1962).

However, as the Second Circuit made clear in Toliver v. County of Sullivan, 957 F.2d 47, 48 (2d Cir. 1992), a district court may entertain and deny a Rule 60(b) motion, even after an appeal is taken. "This rule applies with equal force whether the motion was filed prior or subsequent to the notice of appeal." Thompson v. County of Franklin, 180 F.R.D. 216, 219 (N.D.N.Y. 1998) (McCurn, S.J.) (citations omitted). On the other hand, a district court may not grant a Rule 60(b) motion after an appeal has been taken unless the Circuit Court "first give[s] its consent so it can remand the case, thereby returning jurisdiction over the case to the district court." Id. (quoting Toliver, 957 F.2d at 49.). In this regard, the Second Circuit has emphasized that "'if [the district court] decides in favor of [the Rule 60(b) motion], then and then only is the necessary remand by the court of appeals to be sought.'" Id.

In light of the above, it is clear that a district court may entertain and **deny** a motion for reconsideration even while an appeal is pending. However, were the Court inclined to **grant** the motion, the District Court may not do so without the express consent of the appellate court. See Toliver, 957 F.2d at 49.

Accordingly, as set forth in Thompson, this Court should first decide whether it will grant

or deny the motion, by examining the relative merits of the motion. Only then will the Court be in a position to decide whether to deny the motion, which it clearly has jurisdiction to do, or whether it will grant the motion. If the motion should be granted, the Court cannot grant such relief at this junction - but must give an express indication that it intends to do so and the parties will then be free to take whatever action they deem appropriate before the Second Circuit. Thompson, 180 F.R.D. at 220.

The Court will now discuss the merits of the motion for reconsideration of the July Order.

### III.   Motion for Reconsideration.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. Delaney v. Selsky, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983), cert. denied, 464 U.S. 864 (1983)).

In support of his motion for reconsideration, Plaintiff asserts that the Court erroneously concluded that Plaintiff's prior action, Zaire v. Stinson, 6:95-CV-1173 (FJS/DS) counts as a "strike." Dkt. No. 20 at 1. The Court's July Order indicated that Zaire v. Stinson should be counted as a "strike" because "it is well settled in this Circuit that pre-PLRA "strikes" may also be counted by the Court." Dkt. No. 19 at 7 (citing McFadden v. Parpan, 16 F.Supp. 2d 246, 247 (E.D.N.Y. 1998); Welch v. Galie, 207 F.3d 130, 132 (2d Cir. 2000)). Plaintiff's present motion argues that Zaire v. Stinson cannot be considered for a "strike" because it was pending, not dismissed, at the time of the enactment of the PLRA.[1]

---

[1] Zaire v. Stinson was commenced in 1995. 95-CV-1173, Dkt. No. 1. A Report Recommendation dismissing the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a

3

Plaintiff's argument is unpersuasive. As noted above, district courts may only grant motions for reconsideration on three very limited grounds. Plaintiff has not alleged any intervening change in the law, nor any newly discovered evidence. Plaintiff therefore appears to be seeking reconsideration based upon a need to remedy a clear error of law or manifest injustice. Plaintiff has failed to cite any controlling law that contradicts this Court's decision that a "strike" can be incurred from an action that was pending during the enactment of PLRA. Furthermore, given this Circuit's legal position that both pre-PLRA and post-PLRA actions may be counted as "strikes," it follows that actions pending during the enactment of PLRA may also be counted as "strikes." Plaintiff has given no explanation for why an action should not be considered a "strike" merely because, by chance, it was pending at the time PLRA was enacted. Given this Circuit's clear legal position that both pre-PLRA and post- PLRA actions may be counted as "strikes," the Plaintiff has failed to demonstrate why viewing Zaire v. Stinson as a "strike" would create a manifest injustice. Thus, Plaintiff has failed to demonstrate a clear error of law or a manifest of injustice, and his motion must be denied.

---

claim was issued on September 29, 1996 ( 95-CV-1173, Dkt. No. 12) and adopted by Memorandum-Decision and Order on February 24, 1997 (95-CV-1173, Dkt. No. 14). An appeal to the Second Circuit was dismissed on May 27, 1997. 95-CV-1173, Dkt. No. 18.

**WHEREFORE**, in light of the above, it is hereby

**ORDERED**, that Plaintiff's Motion for reconsideration (Dkt. No. 20) is **DENIED**, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the Parties.

**IT IS SO ORDERED**.

DATED:   January 16, 2007
         Albany, New York

Lawrence E. Kahn
U.S. District Judge